RECEIVED

APR 2 2 2005

**STERNS & WEINROTH**
**A Professional Corporation**
Valerie A. Hamilton, Esq. (VH-5697)
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100
Attorneys for Nutraquest, Inc.,
Debtor and Debtor-in-Possession

Civil 05-2 120 (GEB)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

In re:

NUTRAQUEST, INC.
PERSONAL INJURY CASES.

Civil No.: 03-5869 (GEB)

**ORDER GRANTING EIGHTH AMENDED**
**SUPPLEMENTAL MOTION OF NUTRAQUEST,**
**INC. FOR ORDER TRANSFERRING PERSONAL**
**INJURY TORT CLAIMS TO THIS COURT**
**PURSUANT TO 28 U.S.C. § 157(b)(5)**

**Return Date: April 7, 2005**

This matter having come before the Court on April 7, 2005, the return date of the motion ("the Motion") of Nutraquest, Inc., debtor and debtor-in-possession ("Debtor"), to transfer to this Court the matters of: (1) John Henry Lewis, Jr. v. Nutraquest, Inc. f/k/a Cytodyne Technologies, Inc; et als., Civil Action No. 1-05-751-24, asserting personal injury tort claims and currently pending in the United States District Court for the District of South Carolina, Aiken Division, (2) Kimberly Roberson v. Cytodyne Technologies, Inc. et als., Case No. 2005-103813-1, asserting personal injury tort claims and currently pending in the District Court for the 129th District of Harris County, Texas, and (3) John Robert Cain and Rosalee Cain v. Wal-Mart Stores, Inc. et als., asserting personal injury tort claims and currently pending in the District Court for the 80th District of Harris County, Texas, and the Court having considered all papers filed in support of and in opposition to the Motions, and finding that the legal and factual bases in the Motions set forth just cause for the relief requested therein; and for good cause shown,

**IT IS** on this ____ day of April, 2005;

**ORDERED** that

1.    The Motion is GRANTED.

2.    The Lewis Action, Roberson Action, and Cain II Actions are ordered transferred to this Court in their entirety.

3.    The Cain I and Cain II Actions are hereby consolidated under Civil Action No. 04-cv-0686 (GEB).

4.    Debtor's counsel, in coordination with and with the cooperation of counsel for plaintiffs in the Lewis Action, Roberson Action, and Cain II Action is directed to take whatever steps are necessary to effect the transfers as soon as possible.

5.    The Lewis Action, Roberson Action and Cain II Action and all proceedings therein (except for such actions as may be necessary to fully effectuate the transfer to this Court) are stayed and shall remain stayed until further order of this Court following the completion of the transfer process.  To the extent applicable, the provisions of the Court's Order docketed on January 22, 2004, shall govern further proceedings in the Lewis Action, Roberson Action and Cain II Action.

6.    To the extent that they have not already done so, Plaintiffs shall submit Fact Sheets to Dechert LLP, Special Counsel for the Debtor, no later than thirty (30) days from the entry of this Order.

HONORABLE GARRETT E. BROWN, JR.
UNITED STATES DISTRICT JUDGE